UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a corporation existing under
the laws of the United States,

        Plaintiff,

v.

MAPLETREE INVESTORS LIMITED
PARTNERSHIP, a Michigan limited
partnership,

        Defendant.
_____/

Case No. 2:10-cv-10381
Hon. Stephen J. Murphy, III
Magistrate Judge R. Steven Whalen

BODMAN LLP
By:    Dennis J. Levasseur (P39778)
         Jason R. Gourley (P69065)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
dlevasseur@bodmanllp.com
jgourley@bodmanllp.com
(313) 259-7777
Attorneys for Plaintiff Federal National
Mortgage Association
_____/

FRANK, HARON, WEINER AND
NAVARRO
By:    J. Laevin Weiner (P22108)
        Michael J. Hamblin (P61834)
5435 Corporate Drive, Suite 225
Troy, Michigan 48098
jweiner@fhwnlaw.com
mhamblin@fhwnlaw.com
(248) 952-0400
Attorneys for Defendant Mapletree Investors
Limited Partnership

**PLAINTIFF'S RENEWED MOTION FOR AN ORDER TO SHOW CAUSE, FOR
APPOINTMENT OF A RECEIVER, AND FOR A PRELIMINARY INJUNCTION**

**REQUEST FOR IMMEDIATE CONSIDERATION**

February 22, 2010

Detroit_982242_1

Plaintiff Federal National Mortgage Association ("Fannie Mae"), by its attorneys Bodman LLP, under Rule 65, Fed.R.Civ.P., moves for an order to show cause, for a preliminary injunction, and for the appointment of a receiver to operate a multi-family real estate project located in the City of Southfield, Oakland County, Michigan. Fannie Mae also requests immediate consideration of this motion. In support of this motion, Fannie Mae states as follows:

1.  Fannie Mae has a mortgage on a multi-family real estate project ("Mortgage") located in the City of Southfield, Oakland County, Michigan commonly known as the Mapletree Apartments ("Mortgaged Property"). A copy of the Mortgage is attached as Exhibit B to the brief accompanying this motion.

2.  Mapletree Investors Limited Partnership ("Mapletree") admits that it executed the Mortgage. See, Docket Entry No. ("Doc. No.") 7, ¶9.

3.  The Mortgage secures a certain Multifamily Note ("Note") in which defendant Mapletree Investors Limited Partnership ("Mapletree") agreed to pay Fannie Mae (the mortgagee, by assignment) $7,704,940.00 (plus interest) in consecutive monthly installments of $53,531.53 beginning on September 1, 1999 until the entire indebtedness evidenced by the Note ("Indebtedness") was fully paid on August 1, 2009, the "Maturity Date". A copy of the Note is attached as Exhibit A to the brief accompanying this motion.

4.  Defendant Mapletree admits that it executed the Note. See, Doc. No. 7, ¶8.

5.  As demonstrated more fully in the accompanying brief and Fannie Mae's verified complaint, the Mortgage contains an assignment of rents and revenues provision under which defendant Mapletree, among other things, "absolutely and unconditionally" assigned its interest

in all rents and leases from and concerning the Mortgaged Property, together with all income and revenues due and becoming due therefrom, to the mortgagee (Fannie Mae) as additional security for defendant Mapletree's performance of its obligations under the Note and the Mortgage. See, Exhibit B, pp. 7-11.

6. As demonstrated more fully in the accompanying brief and in Fannie Mae's verified complaint (which is incorporated herein by reference), defendant Mapletree is in default of its obligations to Fannie Mae under the Note.

7. In particular, defendant Mapletree has failed and refused to repay the balance of the Note on the August 1, 2009 Maturity Date.

8. Defendant Mapletree's answer admits that "such payments have not been made." See, Doc. No. 7, ¶14.

9. As a consequence of defendant Mapletree's default, Fannie Mae made demand on defendant Mapletree on December 7, 2009 for payment of the Indebtedness. A copy of Fannie Mae's demand letter is attached as Exhibit D to the brief accompanying this motion.

10. Due to defendant Mapletree's default, Fannie Mae has or will start the process of foreclosure by advertisement of the Mortgaged Property.

11. As demonstrated more fully in Fannie Mae's verified complaint and the brief accompanying this motion, defendant Mapletree consented in the Mortgage to the appointment of a receiver for the Mortgaged Property in the event of default of the Note. See, Exhibit B, p. 8.

12. As required by E.D. Mich. LR 7.1, Fannie Mae's counsel sought defendant Mapletree's concurrence in the relief requested in this motion. Concurrence was denied.

13. Fannie Mae requests immediate consideration of this motion. Fannie Mae filed its complaint on January 28, 2010. Defendant Mapletree has answered the complaint admitting that it is in default of the Mortgage. Nevertheless, defendant Mapletree continues to remain in control of the Mortgaged Property and to collect all rents in direct violation of the Mortgage.

WHEREFORE, for the reasons stated more fully in the accompanying brief, Fannie Mae respectfully requests the following relief from this Honorable Court:

(a) A preliminary injunction against defendant Mapletree and its agents and employees (as well as any other persons with knowledge of this Court's order) barring them from transferring, expending, distributing, concealing, destroying, damaging or otherwise diminishing the Mortgaged Property or any part thereof or any personal property on which Fannie Mae has a lien, or any proceeds of the same, including rents, profits, and revenues, until a receiver is appointed and/or until Fannie Mae forecloses and receives possession of the Mortgaged Property;

(b) An order appointing Dover Realty Advisors, LLC as the receiver of the Mortgaged Property during the pendency of this action and Fannie Mae's foreclosure and any redemption period, to collect rents, pay insurance premiums, pay utilities and perform any other obligations necessary with respect to the Mortgaged Property with the fees and expenses of such receiver to be paid from the rents and revenues derived from the Mortgaged Property;

(c) An order requiring all persons who have possession or control of the Mortgaged Property (other than tenants) to yield and deliver possession of same to the receiver appointed by this Court; and

(d) Such other and further relief as this Court deems proper.

A copy of a proposed order is attached as Exhibit F to the brief accompanying this motion.

                Respectfully submitted,

                BODMAN LLP

                By:   /s/ Dennis J. Levasseur
                         Dennis J. Levasseur (P39778)
                         Jason R. Gourley (P69065)
                6th Floor at Ford Field
                1901 St. Antoine Street
                Detroit, Michigan 48226
                dlevasseur@bodmanllp.com
                jgourley@bodmanllp.com
                (313) 259-7777

February 22, 2010          Attorneys for Plaintiff Federal National
Detroit, Michigan           Mortgage Association

- 4 -

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a corporation existing under
the laws of the United States,

    Plaintiff,        Case No. 2:10-cv-10381
                Hon. Stephen J. Murphy, III
v.                Magistrate Judge R. Steven Whalen

MAPLETREE INVESTORS LIMITED
PARTNERSHIP, a Michigan limited
partnership,

    Defendant.
_____/

| BODMAN LLP | FRANK, HARON, WEINER AND NAVARRO |
|---|---|
| By:   Dennis J. Levasseur (P39778) | |
|     Jason R. Gourley (P69065) | By:   J. Laevin Weiner (P22108) |
| 6th Floor at Ford Field |     Michael J. Hamblin (P61834) |
| 1901 St. Antoine Street | 5435 Corporate Drive, Suite 225 |
| Detroit, Michigan 48226 | Troy, Michigan 48098 |
| dlevasseur@bodmanllp.com | jweiner@fhwnlaw.com |
| jgourley@bodmanllp.com | mhamblin@fhwnlaw.com |
| (313) 259-7777 | (248) 952-0400 |
| Attorneys for Plaintiff Federal National Mortgage Association | Attorneys for Defendant Mapletree Investors Limited Partnership |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR AN ORDER
TO SHOW CAUSE, FOR APPOINTMENT OF A RECEIVER,
<u>AND FOR A PRELIMINARY INJUNCTION</u>**

February 22, 2010

## INTRODUCTION

Plaintiff Federal National Mortgage Association ("Fannie Mae") moves for the appointment of a receiver to operate a multi-family residential real estate project located in the City of Southfield, Oakland County, Michigan, known as the Mapletree Apartments on which Fannie Mae has a mortgage ("Mortgaged Property"). The owner of the Mortgaged Property, defendant Mapletree Investors Limited Partnership ("Mapletree"), unequivocally consented to the appointment of a receiver for the Mortgaged Property in the event of a default of the Loan Documents described below.

As demonstrated below and in Fannie Mae's verified complaint, defendant Mapletree is in default of its obligations to Fannie Mae. In particular, the Note matured on August 1, 2009 and defendant Mapletree has not repaid it. Defendant Mapletree's default provides ample support under the Loan Documents described in this brief and under Michigan and federal law for the appointment of a receiver over the Mortgaged Property. Fannie Mae also requests that this Court issue a preliminary injunction to protect Fannie Mae's interest in the Mortgaged Property, including its unequivocal right to receive the income and revenue from that property, pending further order of this Court.

## STATEMENT OF FACTS[1]

**A.     The Loan Documents.**

On July 20, 1999, defendant Mapletree, as borrower, entered into a certain Multifamily Note ("Note") to the order of non-party Eichler, Fayne & Associates ("EF&A"), as lender. See, Exhibit A. In the Note, defendant Mapletree promised to pay to EF&A $7,704,940, plus interest

---

[1] The factual statements in this brief are also contained in Fannie Mae's verified complaint and are incorporated herein by reference.

(as described in the Note), in consecutive monthly installments of principal and interest of $53,531.53 beginning on September 1, 1999 until the entire unpaid principal balance evidenced by the Note ("Indebtedness") was fully paid on the August 1, 2009, the "Maturity Date." Id., p. 1.

Repayment of the Note is secured by a Multifamily Mortgage ("Mortgage"), dated as of July 30, 1999, covering the Mortgaged Property.  See, Exhibit B.  The Mortgage includes an assignment of rents and leases provision under which defendant Mapletree, among other things, absolutely and unconditionally assigned its interest in all rents and leases concerning the Mortgaged Property, together with all income and revenues due and becoming due therefrom, to EF&A as additional security for the performance of defendant Mapletree's obligations under the Note and the Mortgage.  See, Exhibit B, pp. 7-11.

**B.      Assignment Of The Loan Documents To Fannie Mae.**

On July 30, 1999, EF&A assigned all of its right, title, and interest in the Note and the Mortgage to Fannie Mae.  See, Exhibit C.  As such, Fannie Mae is now the obligee under the Note and the mortgagee under the Mortgage.

**C.      Defendant Mapletree's Default.**

Defendant Mapletree was obligated to repay the balance of the Note on the August 1, 2009 Maturity Date.  See, Exhibit A, p. 1.  Any failure by defendant Mapletree to pay any amount required by the Note is an "Event of Default" under both the Note and the Mortgage. See, Exhibit A, p. 2, and Exhibit B, p. 28.  Defendant Mapletree is in default of the Note and the Mortgage because, among other reasons, its failure and refusal to pay the balance of the Note on the August 1, 2009 Maturity Date.

Upon any event of default, Fannie Mae may, among other things, declare the Note in default, apply for the appointment of a receiver (without notice and without regard to defendant Mapletree's solvency) and/or enforce its interest in the leases and rents from the Mortgaged Property.

On December 7, 2009, Fannie Mae demanded payment in full of all of defendant Mapletree's liabilities to Fannie Mae under the Note, including principal, interest, and late fees. See, Exhibit D. Interest and late fees continue to accrue. Fannie Mae also advised defendant Mapletree that its license to collect rents had terminated and that Fannie Mae was entitled to all rents as they became due and payable. Id. Defendant Mapletree has failed and refused to comply with Fannie Mae's demands.

As a consequence of defendant Mapletree's default, Fannie Mae has started the process of foreclosure by advertisement of the Mortgaged Property.  The relief requested in Fannie Mae's motion is, among other things, in aid of the foreclosure as well as Fannie Mae's rights (as described above) under the Note and Mortgage.

Defendant Mapletree has answered Fannie Mae's verified complaint. See, Docket Entry No. 7. Defendant Mapletree does not dispute that it is in default.

## ARGUMENT

**A.  A Receiver Should Be Appointed Over The Mortgaged Property.**

    **1.  The Loan Documents authorize the appointment of a receiver.**

Upon an event of default (which includes the failure to pay any portion of defendant Mapletree's Indebtedness to Fannie Mae as and when due), the Note and the Mortgage each

provide Fannie Mae with numerous non-exclusive remedies to protect its interests. Fannie Mae may, among other things, declare the Note in default (which it has done), apply for the appointment of a receiver (without notice and without regard to defendant Mapletree's solvency), and/or enforce Fannie Mae's interest in the leases and rents from the Mortgaged Property.

Under the Mortgage, defendant Mapletree expressly consented to the appointment of a receiver upon an Event of Default. In particular, Section 3(d) of the Mortgage states, in relevant part, that:

> "* * * if an Event of Default has occurred and is continuing, regardless of the adequacy of [Fannie Mae's] security, without regard to Borrower's solvency and without the necessity of giving prior notice (oral or written) to Borrower, [Fannie Mae] may apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property to take any or all of the actions set forth in the preceding sentence. If [Fannie Mae] elects to seek the appointment of a receiver for the Mortgaged Property at any time after an Event of Default has occurred and is continuing, **Borrower, by its execution of this Instrument, expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte* if permitted by applicable law.**" <u>See</u>, Exhibit B, p. 8; emphasis added.

As demonstrated above, defendant Mapletree is clearly in default of the Note and the Mortgage by failing to repay the balance of the Note on the August 1, 2009 Maturity Date. In similar cases, courts have not hesitated to appoint receivers to protect a mortgagee's interest in real estate and the income therefrom. As the court stated in *Citibank, N.A. v. Nyland Limited, et al*, 839 F.2d 93, 97-98 (2nd Cir. 1988): "It is entirely appropriate for a mortgage holder to seek the appointment of a receiver **where the mortgage authorizes such appointment**, and the mortgagee has repeatedly defaulted on conditions of the mortgage which constitute one or more events of default." Emphasis added.

- 4 -

### 2. **Applicable law authorizes the appointment of a receiver.**

Even without the language in the Loan Documents where defendant Mapletree consented to the appointment of a receiver, this Court has broad equitable powers to appoint a receiver in circumstances like those present in this case.  See, *Resolution Trust Corporation v. Fountain Circle Associates Limited Partnership*, 799 F. Supp. 48, 50 (N.D. Ohio 1992); *Smith v. Mutual Benefit Life Insurance Co.*, 362 Mich. 114, 125 (1960).

Under Michigan law, courts "may appoint receivers in all cases pending where appointment is allowed by law."  M.C.L.A. §600.2926.  The phrase "allowed by law" means: "(1) those cases where appointment of a receiver is provided for by statute and (2) those cases where the facts and circumstances render the appointment of a receiver an appropriate exercise of the * * * court's equitable jurisdiction."  *Band v. Livonia Associates*, 176 Mich. App. 95, 105 (1989).

The Michigan Supreme Court has held that in the case of a commercial mortgage, a receiver may be appointed to collect rents due under an assignment of rents clause.  *Smith*, 362 Mich. at 123.  In *Smith*, plaintiffs defaulted on the mortgage and defendant insurance company foreclosed on the property.  Id., p. 118.  Defendant sought the appointment of a receiver to collect rents on commercial real estate and to account for the amount still owed under the mortgage.  Id., p. 119.  The mortgage note contained an assignment of rents provision.  Id., p. 118.  The Court noted that "[i]t may be necessary in a given case to have the aid of the court, by appointment of receiver, to make collections."  Id., p. 123.  The Court found that the trial court had the authority under the assignment of rents clause to appoint a receiver.  Id., p. 125.

Receivers are commonly appointed in situations involving a secured creditor with an interest in real property who is in the process of foreclosing on a mortgage and/or the creditor needs assistance collecting rent from and otherwise protecting mortgaged properties from waste and neglect.  See, e.g., *Resolution Trust Corporation v. Bayside Developers*, 43 F.3d 1230, 1242 (9th Cir. 1995) (receiver properly appointed where secured creditor sought receiver to "conserve and manage" property); *Citibank, N.A.  v. Nyland Limited,* 839 F.2d  at 97-98;  *Federal Home Loan Mortgage Corporation v. Tsinos*, 854 F. Supp. 113, 116 (E.D. N.Y. 1994); *Resolution Trust Corp v. Fountain Circle Associates*, 799 F. Supp. 48, 52 (N.D. Ohio 1992) (receiver appointed to collect rents pending foreclosure).

As the court held in *Brill & Harrington Investments v. Vernon Savings & Loan Associates*, 787 F. Supp. 250, 253-254 (D.D.C. 1992): "Creditors with a security interest in real property have a well-established interest in the property sufficient to support the appointment of a receiver."  See, also, *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. 287, 292-293 (E.D. Cal. 1991).  Indeed, appointing a receiver to manage commercial real estate during a foreclosure action – which is exactly what Fannie Mae requests in this case – has been found to be an appropriate and not a drastic remedy.  *United States v. Berk & Berk*, 767 F. Supp. 593, 598 (D. N.J. 1991).

Here, Fannie Mae is entitled to a receiver over the Mortgaged Property. Fannie Mae has a very valuable interest in the Mortgaged Property and the income generated by that property. Those valuable interests need to be protected pending the foreclosure proceeding of the Mortgaged Property.  Defendant Mapletree's defaults of the Loan Documents are substantial and egregious, and evidence a deliberate attempt to deprive Fannie Mae of not only what belongs to

Fannie Mae (that is, the income from the Mortgaged Property) but for which defendant Mapletree is contractually bound to turn over to Fannie Mae.

Defendant Mapletree's defaults demonstrate an inability or refusal to pay the debt evidenced by the Note and a disregard for the terms of the other Loan Documents. Indeed, even though the Loan Documents provide that upon an event of default defendant Mapletree's license to receive and apply income was automatically revoked, defendant Mapletree has continued to take all income from the Mortgaged Property. Consequently, it is necessary for this Court to appoint a receiver to avoid irreparable harm and waste to the Mortgaged Property and Fannie Mae's interest in that property.

Furthermore, the Mortgaged Property is a multi-family housing facility. Given defendant Mapletree's defaults, Fannie Mae is justifiably concerned that the Mortgaged Property is not being adequately managed and maintained by defendant Mapletree which failure places the health and welfare of the tenants of the Mortgaged Property in jeopardy.

### 3. Dover Realty Advisors, LLC is well qualified to act as receiver.

The attached summary of qualifications of Dover Realty Advisors, LLC ("Dover") demonstrates that based on its experience and training (especially in connection with similar real estate projects (including many in Michigan) Dover is well qualified to manage, maintain, and properly apply the income from the Mortgaged Property. See, Exhibit E. Fannie Mae requests that Dover be appointed receiver of the Mortgaged Property. A proposed order appointing receiver is attached to this brief as Exhibit F.

B.  **An Injunction Is Necessary To Protect The Mortgaged Property**.

This Court is to consider four facts in deciding whether it should issue a preliminary injunction. Those factors are: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable harm without the injunction; (3) the balance of the hardships to the defendant and the plaintiff; and (4) the impact of the injunction on the public interest. See, *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648 (6th Cir. 1996).

Those factors weigh decidedly in Fannie Mae's favor. Therefore, Fannie Mae's motion for a preliminary injunction should be granted.

1.  **Fannie Mae is likely to succeed on the merits**. Defendant Mapletree has demonstrated an unwillingness and/or inability to meet its obligations under the Note and the Mortgage. As demonstrated above and in Fannie Mae's verified complaint in this action, defendant Mapletree is clearly in breach of those agreements by its failure to repay the balance of the Note on the August 1, 2009 Maturity Date. Furthermore, under the Note and the Mortgage, defendant Mapletree agreed that its right to collect rents and income generated by the Mortgaged Property ended and that such rents and income would be turned over to Fannie Mae. Defendant Mapletree has failed to honor that obligation. Accordingly, Fannie Mae is likely to succeed on the merits of its claims in this case.

2.  **Fannie Mae Will Suffer Irreparable Harm Without An Injunction.** Fannie Mae will suffer immediate and irreparable injury to its interests in the Mortgaged Property and the income generated therefrom without the entry of a preliminary injunction. Fannie Mae is in jeopardy of losing its ability to ensure that it is repaid for money loaned to defendant Mapletree. Given defendant Mapletree's present financial condition and its obvious unwillingness or

inability to meet its obligations to Fannie Mae under the Note and Mortgage, Fannie Mae will suffer irreparable injury absent injunctive relief.  An injunction is necessary to prevent defendant Mapletree from diverting or spending revenue from the Mortgaged Property and thus dissipating Fannie Mae's collateral.

Moreover, injunctive relief is necessary to prevent damage and waste to the Mortgaged Property.  "[S]ince land is considered to be unique, its loss or threatened loss is considered to be irreparable injury."  *Roghan v. Block*, 590 F. Supp. 150 (W.D. Mich. 1984).  Accordingly, because Mortgaged Property is unique and the threatened harm to that property is imminent, injunctive relief is in order.

3. **Defendant Mapletree will not be harmed by an injunction**.  Granting the injunction will not cause any harm to defendant Mapletree.  Due to its numerous defaults (which cannot be disputed), defendant Mapletree no longer has the right to manage the Mortgaged Property.  Moreover, defendant Mapletree's license to receive and apply income from the Mortgaged Property automatically ended upon its default of the Note and the Mortgage.  Consequently, defendant Mapletree will not be harmed by the relief requested in this motion.

4. **The public interest is served by issuance of the injunction**.  The public interest is served by compelling parties to honor their agreements.  There is no public interest served in allowing defendant Mapletree to default and further avoid its contractual obligations.  Furthermore, the interests of the tenants who reside at the Mortgaged Property will be served by the injunctive relief requested as well as the appointment of a receiver.

## **CONCLUSION**

For the reasons stated above and in Fannie Mae's verified complaint and accompanying motion, a receiver should be appointed to manage the Mortgaged Property and to collect the revenue and apply the proceeds to the maintenance of the Mortgaged Property, payment of utilities and taxes and to apply the remainder, if any, of the proceeds to payment of interest due on defendant Mapletree's indebtedness to Fannie Mae and any deficiency after a mortgage foreclosure sale.  In addition, a preliminary injunction should be issued.

        Respectfully submitted,

        BODMAN LLP

        By: /s/ Dennis J. Levasseur
            Dennis J. Levasseur (P39778)
            Jason R. Gourley (P69065)
        6th Floor at Ford Field
        1901 St. Antoine Street
        Detroit, Michigan 48226
        dlevasseur@bodmanllp.com
        jgourley@bodmanllp.com
        (313) 259-7777
        Attorneys for Plaintiff Federal National
        Mortgage Association

February 22, 2010
Detroit, Michigan

- 11 -

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document using the ECF System and that such papers were served by ECF upon all attorneys of record.

By: /s/ Dennis J. Levasseur
Dennis J. Levasseur (P39778)
Jason R. Gourley (P69065)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
dlevasseur@bodmanllp.com
jgourley@bodmanllp.com
(313) 259-7777
Attorneys for Plaintiff Federal National Mortgage Association

February 22, 2010

Detroit_982242_1